NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN HENRY YABLONSKY,

       Plaintiff - Appellant,

  v.

ALFORD, Teacher; CALIFORNIA
DEPARTMENT OF CORRECTIONS AND
REHABILITATION; J. ROBLES, Teacher;
BLAHNIK, Librarian; MARTINEZ;
TICSCARNIA; McGUIRE; MONDET,
Principal; STEADMAN, Associate Warden;
S. ROBERTS, M.D.; HILL, Warden;
BATES, VOC Supervisor; ANDERSON,
Associate Warden; DOES 1-50;
ARMENTA; PENELL,

       Defendants - Appellees.

No. 24-4915

D.C. No. 3:23-cv-02235-RSH-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted March 16, 2026[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner John Henry Yablonsky appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Yablonsky's First Amendment retaliation claims because Yablonsky failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Watison*, 668 F.3d at 1114-15 (setting forth elements of a First Amendment retaliation claim in the prison context, including that the plaintiff must allege a causal connection between the adverse action and the protected conduct).

All pending motions and requests are denied.

**AFFIRMED.**